

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

JACKIE DAMONE                           CIVIL ACTION

VERSUS                                  NUMBER: 00-302

BURL CAIN, WARDEN                       SECTION: "N"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the application for writ of habeas corpus of petitioner, Jackie Damone, and the State's response thereto. (Rec. docs. 1, 3-5). Having determined that an evidentiary hearing is unnecessary, it is recommended, for the reasons that follow, that Damone's petition be dismissed with prejudice.

Petitioner Damone is a state prisoner currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On May 21, 1968, pursuant to an agreement with the State, Damone entered a plea of guilty, without capital punishment, to the crime of murder

DATE OF ENTRY
MAY 3 1 2000

MAY 3 1 2000

in the Twenty-Fifth (now Thirty-Fourth) Judicial District Court for the Parish of St. Bernard, State of Louisiana.  Pursuant to that agreement, on May 24, 1968, Damone was sentenced to life imprisonment at hard labor in the Louisiana State Penitentiary.[1]/ Damone did not directly appeal his conviction, which therefore became final fifteen days later, or June 8, 1968.  See LSA-C.Cr.P. Art. 914 (prior to Acts 1982, No. 143, §1).

Thereafter, on September 13, 1990, Damone filed an application for post-conviction relief in the trial court in which he alleged that "his plea was not knowing[ly] and intelligently made because he was not informed of [the] maximum sentencing exposure pursuant to R.S. 15:574.3(b)(1950)."  Following a hearing on December 3, 1990, on December 18, 1990, the trial judge issued an order denying Damone's application for post-conviction relief.  On January 7, 1991, Damone filed a "notice of intent to appeal and motion for hearing transcript."  The following day, the trial judge issued an order directing that Damone be provided with a copy of the

_____

[1]/ In furtherance of the plea bargain, the State agreed not to prosecute Damone on a separate charge of armed robbery he was indicted for.

2

transcript of the December 3, 1990 hearing.  When that transcript was apparently not forthcoming, Damone filed a writ application with the Louisiana Supreme Court which, on November 1, 1991, granted the writ and transferred the matter to the trial court for enforcement of its January 8, 1991 order.  <u>State v. Damone</u>, 588 So.2d 93 (La. 1991).

Although it is not contained within the state court record submitted by the respondent, at some point Damone filed an application for writ of habeas corpus and mandamus in the trial court in which he sought an order declaring him to be immediately eligible for parole consideration.  That request was denied by both the trial court and, on May 9, 1997, by the Louisiana First Circuit Court of Appeal.  <u>Damone v. Whitley</u>, 694 So.2d 1205 (La. App. 1st Cir. 1997).

On January 14, 1999, over one year later, Damone filed his second application for post-conviction relief in the trial court, alleging: (1) racial discrimination in the selection of the grand jury foreperson in violation of <u>Campbell v. Louisiana</u>, 523 U.S. 392, 118 S.Ct. 1419 (1998)(2) that the system used for selection of

3

the grand jury foreperson was unconstitutional and (3) that counsel was ineffective for failing to object to the selection process.  On March 2, 1999, the trial judge denied Damone's application as having been filed beyond the time for seeking post-conviction relief under LSA-C.Cr.P. Art. 930.8.  Writs were subsequently denied by the Louisiana Supreme Court.  State ex rel. Damone v. State, 747 So.2d 1097 (La. 1999).  The instant proceeding followed.

Damone is now before the Court seeking federal habeas corpus relief pursuant to 28 U.S.C. §2254.  In his petition, Damone presents the same three claims he had urged in his second application for post-conviction relief.  As those claims were presented to the Louisiana Supreme Court in Damone's most recent writ application to that tribunal, state court remedies have been exhausted as required by 28 U.S.C. §2254(b)(1)(A).  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners are now required to file their federal habeas petitions

4

within one year of the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review:
>
> (B) the date on which the impediment to filing an
> application created by State action in violation of the
> Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State
> action:
>
> (C) the date on which the constitutional right asserted
> was initially recognized by the Supreme Court, if the
> right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of the claim
> or claims could have been discovered through the exercise
> of due diligence.

Section 2244(d)(2) further provides that "[t]he time during

which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of

limitation under this subsection."

For state prisoners like Damone whose convictions became final

prior to the effective date of the AEDPA, the Fifth Circuit has

afforded them a one-year grace period, or until April 24, 1997,

within which to timely file their federal habeas petitions, subject to the tolling provision found in §2244(d)(2). <u>Flanagan v. Johnson</u>, 154 F.3d 196, 202 (5th Cir. 1998). As noted in the procedural history set forth above, Damone's conviction became final in 1968. Although he had certain matters pending before the state courts up until May 9, 1997, from that date until the time he filed his second application for post-conviction relief on January 14, 1999, a period of over one year, he litigated no other collateral challenges to his conviction. During that twenty-month period, the time limitation set forth in §2244(d) ran its course. As such, Damone's petition must be dismissed as untimely unless one of the other statutory exceptions applies.

The exception set forth in §2244(d)(1)(B) is inapplicable here because Damone points to no filing impediment created by state action. The Court therefore turns to the next statutory exception. To be timely under §2244(d)(1)(C), a state prisoner must file his habeas petition within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review..."

The Supreme Court handed down its decision in <u>Campbell</u> on April 21, 1998 and Damone signed and dated his federal habeas petition on December 31, 1999, over one year later. Assuming that <u>Campbell</u> can be read as establishing a "newly recognized" constitutional right, Damone points to no decision of the Supreme Court declaring it or applying it retroactively to petitioners like himself. <u>See</u>, e.g., <u>In re Smith</u>, 142 F.3d 832, 834-36 (5th Cir. 1998)(construing similarly-worded 28 U.S.C. §2244(b)(2)(A)); <u>In re Brown</u>, No. 00-30311 (5th Cir. 2000)(unpublished order); <u>In re Hart</u>, No. 00-30197 (5th Cir. 2000)(unpublished order). To the contrary, courts that have considered the issue have found that <u>Campbell</u> is not retroactively applicable to cases on collateral review. <u>Coe v. Bell</u>, 161 F.3d 320, 352-55 (6th Cir. 1998), <u>cert</u>. <u>denied</u>, ____U.S. __, 120 S.Ct. 110 (1999); <u>Storms v. LeBlanc</u>, CA 99-3761 "L"(6)(rec. doc. 4).

Moreover, under the AEDPA, the Court can grant a writ of habeas corpus only if the state court's decision disposing of a

petitioner's claim violated Supreme Court precedent in existence at
the time of petitioner's conviction.  <u>Muhleisen v. Ieyoub</u>, 168 F.3d
840, 844 (5th Cir.), <u>cert</u>. <u>denied</u>, _____U.S._____, 120 S.Ct. 81
(1999)(citing <u>Drinkard v. Johnson</u>, 97 F.3d 751, 768 (5th Cir. 1996),
<u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Lindh v. Murphy</u>, 521 U.S. 320, 117
S.Ct. 2059 (1997)).  As <u>Campbell</u> was decided some thirty years
after Damone's conviction became final, habeas relief is
unavailable here.

     Finally, it is questionable whether <u>Campbell</u> applies to Damone
at all.  Its holding was limited to whether or not a Caucasian male
had third-party standing to raise an equal protection challenge to
discrimination against African-Americans in the selection of grand
jurors.  <u>Campbell</u>, 523 U.S. at 394, 118 S.Ct. at 1421.  Damone is
an African-American (petitioner's supporting memorandum at p. 4);
thus, no issue of standing is implicated here.  Long before
<u>Campbell</u> was decided, the Supreme Court had recognized the right of
African-Americans to raise the issue that Damone now urges.  <u>See</u>
<u>Rose v. Mitchell</u>, 443 U.S. 545, 99 S.ct. 2993 (1979); <u>Carter v.</u>
<u>Jury Commission of Greene County</u>, 396 U.S. 320, 90 S.Ct. 518

(1970).  Damone's reliance on <u>Campbell</u> is nothing more than a disingenuous attempt to resurrect a long-available claim that was lost through the passage of time.  Similarly, Damone cannot avail himself of the exception set forth in §2244(d)(1)(D) because he could have, through the exercise of due diligence, discovered the factual predicate of his claims long before the expiration of any limitation period.

Damone's challenge to the grand jury foreperson selection process is barred by the applicable provisions of the AEDPA. Although his ineffectiveness claim is untimely as well, the Court notes that contrary to the allegations set forth in his petition, Damone's counsel did, in fact, file a pre-trial "motion to quash the indictment."  That motion was withdrawn by the defense in the very same proceeding in which Damone pled guilty.  Changing course, Damone now argues, by way of his traverse, that counsel failed to inform him that such a motion had been filed and that counsel was ineffective for withdrawing the motion and advising Damone to plead guilty.  Damone was present in open court when the motion to quash was withdrawn.  The withdrawal of the motion was obviously part of

a negotiated plea agreement which spared Damone the possibility of receiving the death penalty as well as a separate prosecution for armed robbery.  The Court is  unpersuaded that, but for counsel's actions, Damone would have pled not guilty and insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985).  The Court is also presented with no facts warranting the application of equitable tolling, a doctrine that "...applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his legal rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, ____U.S.____, 120 S.Ct. 1564 (2000)(internal quotation marks omitted).

Alternatively, review of Damone's claims is barred by the procedural default doctrine.  When faced with the claims that Damone now urges in his federal habeas petition, the state trial court found them to be procedurally barred under LSA-C.Cr.P. Art. 930.8 as having been presented more than three years after Damone's

10

conviction became final.²/ Because the Louisiana Supreme Court subsequently denied Damone's writ application without written reasons, the Court must presume that it did not silently disregard the procedural bar invoked by the trial court.  <u>Ylst v. Nunnemaker</u> 501 U.S. 797, 803, 111 S.Ct. 2590, 2594 (1991).

Federal habeas review of a constitutional claim is barred by the procedural default doctrine if the last state court to review the claim clearly and expressly states that its judgment rests on a procedural bar.  <u>Harris v. Reed</u>, 489 U.S. 255, 261, 109 S.Ct. 1038, 1042 (1989).  The state trial court, the court that issued the last reasoned opinion on Damone's claims, has done just that, declining to review the merits of the claims based on the time-

_____

²/ With limited exceptions, Article 930.8 provides that no application for post-conviction relief shall be considered by the state courts if it is filed more than three years after the judgment of conviction and sentence of a defendant have become final.  By Act 1262 of the 1999 Regular Session, the Louisiana Legislature shortened the three-year time period to two years. The Louisiana Supreme Court has determined that Article 930.8 passes constitutional muster, <u>State ex rel. Glover v. State</u>, 660 So.2d 1189 (La. 1995), and the Fifth Circuit has held that Article 930.8 constitutes an independent and adequate state procedural rule that is regularly applied by the state courts. <u>Glover v. Cain</u>, 128 F.3d 900, 902 (5th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

based procedural bar set forth in Article 930.8.  An exception to

this rule exists if the prisoner can demonstrate cause for the

procedural default and actual prejudice as a result of the

constitutional violations, or if he can demonstrate that the

failure to entertain the claims will result in a fundamental

miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750,

111 S.Ct. 2546, 2565 (1991).

Damone cannot establish cause for failing to bring the claims

asserted herein to the state courts prior to the expiration of the

time period set forth in Article 930.8.  As discussed above,

Campbell resolved an issue of standing for Caucasian males which

Damone is not.  The discrimination-related claims he now urges have

been in existence and available to him years before Article 930.8

was enacted.  There being no showing of cause, the Court need not

consider the element of prejudice.  See Murray v. Carrier, 477 U.S.

478, 494-95, 106 S.Ct. 2639, 2649 (1986).  Moreover, because Damone

does not assert his actual innocence, he has not demonstrated that

a fundamental miscarriage of justice will occur if his claims are

not considered.  Glover v. Cain, 128 F.3d 900, 904 (5th Cir. 1997),

12

cert. denied, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Jackie Damone be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this _30_ day of _May_____,
2000.

13

_Alma L. Chasez_
UNITED STATES MAGISTRATE JUDGE

14